# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tajae Bradley

**(b)** County of Residence of First Listed Plaintiff: Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See Attachment

## DEFENDANTS
Carvana, LLC

County of Residence of First Listed Defendant: Maricopa County, AZ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
See Attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, 1446 and 1453

Brief description of cause:
Plaintiffs bring putative class action alleging violation of the Pennsylvania Unfair Trade Practice Consumer Protection law and unjust enrichment.

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: Jun 28, 2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Paul G. Gagne

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**ATTACHMENT TO COVER SHEET**

*Tajae Bradley, individually and as a representative of the Class v. Carvana, LLC*

**Attorneys for Plaintiffs**:

Kevin J. Abramowicz
Kevin W. Tucker
Chandler Steiger
Stephanie Moore,
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
(412) 877-5220


**Attorneys for Defendant**:

Paul G. Gagne, one of the Attorneys for
Carvana, LLC
Paul G. Gagne
pgagne@kleinbard.com
KLEINBARD LLC
Three Logan Square
Philadelphia, PA 19103
Telephone: (215) 523-5302

Eric Leon (New York Bar No. 2626562)
(Pro Hac Vice forthcoming)
Eric.leon@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864


Robert C. Collins III (Illinois Bar No. 6304674)
(Pro Hac Vice forthcoming)
robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA _____

Address of Defendant: _____ 1930 W. Rio Salado Pkway, Tempe, AZ 85281 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/28/2022    _____ /s/ Paul G. Gagne _____    42009
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
1. [✓] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Paul G. Gagne _____, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 06/28/2022    _____ /s/ Paul G. Gagne _____    42009
                    Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAJAE BRADLEY,** individually and as a representative of the Class, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) |
| **CARVANA, LLC** | ) ) ) |
| **Defendant.** | ) ) ) ) ) ) ) ) ) |

**Case No.**

**CLASS ACTION**

**JURY TRIAL DEMANDED**

### NOTICE OF REMOVAL OF CARVANA, LLC

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Carvana, LLC ("Carvana"), by and through its counsel, hereby gives notice of removal of this action from the Court of Common Pleas, Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, stating as follows:

### I.   FACTUAL BACKGROUND

1. On or about June 3, 2022, Plaintiff Tajae Bradley ("Plaintiff") filed her Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania captioned *Bradley v. Carvana, LLC*, Case ID 220600355. A copy of the Complaint is attached hereto as Exhibit 1. Plaintiff served Carvana with a copy of the Complaint on June 15, 2022. *See* Summons (Ex. 2).

2. Plaintiff alleges she resides in Philadelphia County, Pennsylvania. *See* Compl. (Ex. 1) ¶ 6.

3. Plaintiff further alleges that Carvana is a limited liability company headquartered in Tempe, Arizona. *Id.* ¶ 7.

4. Plaintiff alleges that she purchased a vehicle from Carvana and that Carvana charged her a $490 transit or delivery charge. *See id.* ¶¶ 32(c), 38, 39.

5. Plaintiff seeks to represent herself as well as a class of "[a]ll persons who purchased a motor vehicle from Carvana, arranged for delivery of the motor vehicle into Pennsylvania, and, within the applicable statute of limitations, were charged an amount purporting to represent a delivery fee or 'Transit Charge.'" *Id.* ¶ 45.

6. The Complaint alleges that Carvana violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") when it charged Plaintiff and members of the proposed class delivery fees in alleged violation of the Pennsylvania Motor Vehicle Sales Finance Act ("MVSFA"). *Id.* ¶¶ 54-59.

7. The Complaint further alleges that Plaintiff and members of the proposed class conferred a benefit on Carvana by paying monies for delivery fees and that Carvana was unjustly enriched by retaining those fees. *Id*. ¶¶ 60-64.

## II.   GROUNDS FOR REMOVAL

8. This case is removable, and this Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441 and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, because Carvana and at least one member of the proposed class are citizens of different states, and (3) the Complaint places in controversy an amount that exceeds $5 million in the aggregate.

### A. The Proposed Class Readily Exceeds 100 Members

9. For purposes of removal, CAFA requires that the proposed class consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5). Plaintiff defines the proposed class as "[a]ll persons who purchased a motor vehicle from Carvana, arranged for delivery of the motor vehicle into Pennsylvania, and, within the applicable statute of limitations, were charged an amount purporting to represent a delivery fee or 'Transit Charge.'" *Id.* ¶ 45.

10. The proposed class includes more than 100 members, given that information currently available to Carvana shows that from June 3, 2016 through June 3, 2022, more than 100 persons purchased a motor vehicle from Carvana that was delivered into Pennsylvania and paid a delivery or transit charge. *See, e.g., Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 & n.30 (3d Cir. 2015) (allegations on "information and belief" are sufficient for purposes of removal petition, because removal statute tracks language of Fed. R. Civ. P. 8(a)). Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B. Minimal Diversity Exists Among The Parties

11. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A)

12. According to the Complaint, Plaintiff is a resident of Pennsylvania. *See* Compl. (Ex. 1) ¶ 6. Upon information and belief, Plaintiff is a citizen of the State of Pennsylvania for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Plaintiff also seeks to represent a class of individuals who arranged for delivery of a motor vehicle into Pennsylvania. *See* Compl. (Ex. 1) ¶ 45.

13. Plaintiff alleges that Carvana is a limited liability company headquartered in Tempe, Arizona. *See* Compl. (Ex. 1) ¶ 7. As alleged, Carvana would be a citizen of the State of

3

Arizona for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(d)(10). Carvana, in fact, is organized under the laws of the State of Arizona and has its principal place of business in the State of Arizona and is thus a citizen of the State of Arizona for purposes of diversity jurisdiction. *See id.*

14. Sufficient diversity of citizenship therefore exists between Plaintiff and Carvana or, alternatively, between at least one other member of the proposed class and Carvana, and removal is proper. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5 Million

15. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a complaint does not allege a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014).

16. Plaintiff seeks actual damages, including a refund in the amount equal to the delivery or transit fees she paid. *See* Compl. (Ex. 1) ¶¶ 59, 64. Plaintiff specifically alleges she was charged $490.00 in delivery or transit fees. *Id*. ¶ 38. Plaintiff also seeks to represent a class of vehicle purchasers in the six years before Plaintiff initiated this action on or about June 3, 2022. *See id*. ¶ 45. Information currently available to Carvana shows that, from June 3, 2016 through June 3, 2022, more than $5 million was paid by Carvana customers for delivery or transit fees in connection with the delivery or transit of a motor vehicle into Pennsylvania.

17. In addition, Plaintiff seeks treble damages under the UTPCPL. *Id*. at Prayer for Relief(D). It is well-established that "[w]hen both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has

4

been satisfied." *Neri v. State Farm Fire & Cas. Co.*, 2019 WL 3821538, at *3 (E.D. Pa. Aug. 13, 2019) (quoting *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)).

18. Carvana denies any and all liability and contends that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual and legal allegations as true, the amount-in-controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount-in-controversy requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

### III. COMPLIANCE WITH REMOVAL STATUTE

19. The Notice of Removal was properly filed in the United States District Court for the Eastern District of Pennsylvania, because the Court of Common Pleas, Philadelphia County, Pennsylvania is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

20. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

21. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits 1 and 2, are true and correct copies of the Complaint and all process, pleadings, and orders served upon Carvana. *See* Compl. (Ex. 1); Summons (Ex. 2). Carvana has not filed an answer or other response to the Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania and is not aware of any currently pending motions in that court.

22. The Complaint was served on Carvana on June 15, 2022. *See* Ex. 2. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(1).

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff, and a copy, along with a Notice of Filing of the Notice of Removal, is also

5

being filed with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania today.

24.     Carvana reserves the right to amend or supplement this Notice of Removal. Carvana further reserves all rights and defenses, including those available under Federal Rule of Civil Procedure and including all rights to move to compel arbitration and/or to enforce a class waiver provision.

## IV.   CONCLUSION

Carvana respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Court of Common Pleas, Philadelphia County, Pennsylvania. Carvana further requests such other relief as the Court deems appropriate.

Dated: June 28, 2022

Respectfully submitted,

/s/ *Paul G. Gagne*
Paul G. Gagne, one of the Attorneys for Carvana, LLC

Paul G. Gagne
pgagne@kleinbard.com
KLEINBARD LLC
Three Logan Square
Philadelphia, PA 19103
Telephone: (215) 523-5302

Eric Leon (New York Bar No. 2626562)
(*Pro Hac Vice forthcoming*)
Eric.leon@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864

Robert C. Collins III (Illinois Bar No. 6304674)
(*Pro Hac Vice forthcoming*)
robert.collins@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

## **CERTIFICATE OF SERVICE**

I, Paul Gagne, hereby certify that I caused a copy of the foregoing to be served on the parties listed below by email and by U.S. mail on June 28, 2022.

Kevin J. Abramowicz
Kevin W. Tucker
Chandler Steiger
Stephanie Moore,
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
(412) 877-5220

Dated:  June 28, 2022

/s/ *Paul G. Gagne*
Paul G. Gagne
One of the Attorneys for Defendant Carvana, LLC

Paul G. Gagne
pgagne@kleinbard.com
KLEINBARD LLC
Three Logan Square
Philadelphia, PA 19103
Telephone: (215) 523-5302