## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAJAE BRADLEY,** individually and as a representative of the Class, | ) ) ) | |
| | ) | **Case No. 2:22-cv-02525-MMB** |
| **Plaintiff,** | ) ) | **CLASS ACTION** |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| **CARVANA, LLC** | ) ) | |
| **Defendant.** | ) ) ) ) | |

### BRIEF IN SUPPORT OF DEFENDANT CARVANA, LLC'S
### MOTION TO TEMPORARILY STAY PROCEEDINGS

Defendant Carvana, LLC ("Carvana"), by and through its undersigned counsel, respectfully submits this Brief In Support Of Its Motion To Temporarily Stay Proceedings, and in support thereof, states as follows:

## I.     INTRODUCTION

The threshold question in this case is whether Plaintiff's claims should be compelled to arbitration consistent with the arbitration agreement and class action waiver that Plaintiff signed when she purchased her car from Carvana.  Plaintiff takes the position that the arbitration agreement is unenforceable under Pennsylvania's so-called "one-document rule" because the arbitration agreement was not contained within the four corners of the parties' financing contract. Am. Compl. ¶¶ 19-21.  This precise issue is currently on appeal to the Third Circuit in another lawsuit involving Carvana, *see Jennings, et al. v. v. Carvana, LLC*, Case No. 22-2948 (3d Cir.). In *Jennings*, the district court denied Carvana's motion to compel arbitration under the one-document rule but then stayed all proceedings pending Carvana's appeal of the district court's decision.  In so doing, the *Jennings* Court soundly rejected the plaintiffs' contention that Carvana's

appeal was "frivolous."  Mem. Op. (Dkt 47) at 8, *Jennings, et al. v. Carvana, LLC*, No. 21-cv-05400 (Nov. 2, 2022 E.D. Pa.).

Carvana respectfully submits that a stay is likewise appropriate here.  The resolution of that appeal will almost certainly dictate whether the instant dispute remains before this Court or, instead, winds up in arbitration, and thus staying these proceedings will avoid the potential for inconsistent rulings and wasted resources.  Moreover, a balance of the equities leans heavily in favor of a stay.  While Plaintiff will not be unduly prejudiced by a stay given that this case is in its infancy, Carvana, in contrast, could suffer significant prejudice in the event it was required to expend significant time and resources litigating in this Court only to have the Third Circuit's decision in *Jennings* make clear that this case belongs in arbitration.  Accordingly, Carvana respectfully requests that this Court stay this action pending the resolution of Carvana's appeal to the Third Circuit in *Jennings*.

## II.    BACKGROUND

Plaintiff alleges that she purchased a used 2014 Kia Sportage from Carvana.  Am. Compl. (Dkt. 15) ¶ 13.  Plaintiff alleges that, in connection with that purchase, she simultaneously signed a retail installment contract, an "Arbitration Agreement," and several other "sales and delivery documents for the transaction."  *Id.* ¶¶ 15, 18; *see also id.* at Exs. A, B.  The Arbitration Agreement confirms that it is a "part of, and . . . hereby incorporated into" the RISC as well as the RPA.  *See* Compl., Ex. B at 1.

Pursuant to the Arbitration Agreement, Plaintiff broadly agreed to "final and binding" arbitration of "any claim, dispute or controversy between" Plaintiff and Carvana "arising from or related to" (among other things) the "Contract," which includes the RISC and the RPA; the "vehicle or sale of the vehicle"; the "provision or sale of any goods and services like warranties, insurance and extended service contracts covered by the Contract or related to the vehicle,"

2

"[a]dvertisements, promotions or oral or written statements related to the Contract"; and the "financing terms."  Compl., Ex. B at 2.  Plaintiff agreed that the FAA governs the Arbitration Agreement.  *Id*. at 4.  Plaintiff further agreed that the definition of a "Claim" subject to arbitration should be construed to have the "broadest reasonable meaning" and to include "claims of every kind of nature," including but not limited to "statutory claims," "contract claims," and "tort claims (including claims of fraud and other intentional torts)."  *Id.*

Plaintiff, however, alleges that the "Arbitration Agreement is void and unenforceable under the Consumer Credit Code (the "CCC"), 12 Pa. C.S. §§ 6201 *et seq.* (formerly the Motor Vehicle Sales Finance Act ("MVSFA"), 69 P.S. §§ 201 *et seq.*), because the CCC requires the RISC to contain "all the agreements between a buyer and a seller relating to an installment sale of a motor vehicle."  Am. Compl. ¶ 19.  She further alleges that the Pennsylvania Superior Court and the Eastern District of Pennsylvania agree with this contention.  *Id.* ¶¶ 20, 21.  Notably, Plaintiff cites to and relies on the September 30, 2022 decision of the district court in *Jennings, et al. v. Carvana, LLC*, No. 21-cv-05400, 2020 U.S. Dist. LEXIS 178402, at *11-20 (E.D. Pa. Sept. 30, 2022) (the "*Jennings* Action").  *Id.* ¶ 21.

The plaintiffs in the *Jennings* Action (the "*Jennings* Plaintiffs") entered into arbitration agreements with Carvana that are substantially similar to the Arbitration Agreement at issue in Plaintiff's Amended Complaint.  *Compare Jennings* Action, Dkt. 18 at Exs. B, D *with* Am. Compl., Ex. B.  Carvana moved to compel individual arbitration of the *Jennings* Plaintiffs' claims, arguing (among other things) that the CCC's one-document rule does not bar enforcement of the *Jennings* Plaintiffs' agreements to arbitrate and, to the extent it does, it is preempted by federal law as written and as applied.  Mot. to Compel (*Jennings* Action Dkt. 18); Reply (*Jennings* Action Dkt. 24).  The *Jennings* Plaintiffs conceded that they entered into arbitration agreements and did not dispute that

3

their claims fell within the scope of the arbitration agreements. They instead claimed that the arbitration agreements are void and unenforceable under the CCC's one-document rule because they are not in the same document as the *Jennings* Plaintiffs' retail installment contracts. Am. Compl. (*Jennings* Action Dkt. 9) ¶¶ 38-39.

On September 30, 2022, the court in the *Jennings* Action entered an order denying Carvana's motion to compel arbitration, declining to enforce the parties' arbitration agreements because of Pennsylvania's "single-document rule" governing installment contracts, and further finding that the "single-document rule" was not preempted by the FAA. *See Jennings*, 2020 U.S. Dist. LEXIS 178402, at *11-20. Carvana timely filed a notice of appeal to the United States Court of Appeals for the Third Circuit pursuant to the FAA on October 17, 2022. *See* Notice of Appeal (*Jennings* Action Dkt. 39). The appeal was received by the Third Circuit on October 26, 2022. *See* Notice of Docketing Record on Appeal (*Jennings* Action Dkt. 44); *see also Jennings v. Carvana, LLC*, Case No. 22-2948 (3d Cir.).

After filing its notice of appeal, Carvana moved to stay the *Jennings* Action pending the resolution of its appeal to the Third Circuit. *See* Mot. to Stay Proceedings (*Jennings* Action Dkt. 40). The *Jennings* Plaintiffs opposed that motion, arguing, *inter alia*, that Carvana's appeal of the district court's decision was "frivolous." *See* Opp. to Mot. to Stay Proceedings (*Jennings* Action Dkt. 45) at 7-9. On November 2, 2022, the court in the *Jennings* Action granted Carvana's motion to stay, rejecting the *Jennings* Plaintiffs' contention that the appeal was frivolous: "While it is true that the court rejected Carvana's arguments in support of its motion to compel arbitration, the court's decision does not compel the conclusion that Carvana's appeal is wholly without merit or that a reasonable attorney would conclude that the appeal is frivolous." *See* Mem. Op. (*Jennings* Action Dkt. 47) at 8.

4

## III.    ARGUMENT

"A United States district court has broad power to stay proceedings."  *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."  *Bechtel Corp.*, 544 F.2d at 1215; *see also Mastec Renewables Constr. Co. Inc. v. Mercer Cty. Improvement Auth.*, 2017 WL 6493141, at *3 (D.N.J. Dec. 19, 2017) ("Where a stay is sought pending resolution of purportedly related litigation . . . courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action.").

In deciding whether to stay an action in the present context, a district court should consider the following factors: whether a stay would simplify the issues and the trial of the case; whether discovery is complete and whether a trial date has been set; whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and whether denial of the stay would create a clear case of hardship or inequity for the moving party.  *Carlini v. Glenn O. Hawbaker, Inc.*, 2018 WL 1229910, at *2 (W.D. Pa. Mar. 8, 2018).  Each of these factors supports a stay of this action.

### A.    A Temporary Stay Will Aid In Resolving The Threshold Issue Of Arbitrability And Thus The Proper Venue For This Case

The outcome of the appeal in the *Jennings* Action will have important consequences for the gating issue in this case: whether Plaintiff's claims must be compelled to arbitration as the

parties agreed or, instead, may remain in this Court because Plaintiff's Arbitration Agreement is unenforceable under Pennsylvania's one-document rule. *See* Am. Compl. ¶¶ 19-21. District courts in the Third Circuit routinely grant stays where the outcome of another lawsuit will resolve an important issue in the case and will thus conserve judicial resources on overlapping questions of law. *See, e.g., Triple J Sisters, LLC v. Allied Ins. Co. of Am.*, 2021 WL 7707820, at *1 (M.D. Pa. Aug. 11, 2021) (staying case pending resolution of appeals before the Third Circuit Court of Appeals, "wherein the court of appeals is posed to address the same issues raised *sub judice*"); *Mastec Renewables*, 2017 WL 6493141, at *4 (granting stay where resolution of state court appeal would be potentially dispositive); *Onyx Int'l Corp. v. Volkswagen Grp. Of Am., Inc.*, 2021 WL 1338731, at *5 (D.N.J. Apr. 9, 2021) (granting stay where outcome of state court proceedings "will likely simplify the case"); *see also* Mem. Op. (*Jennings* Action Dkt. 47) at 10 (granting stay because "[t]his decision comports with the goals of promoting efficient dispute resolution and avoiding inconsistent handling of a case") (citation omitted).

Here, Plaintiff makes largely the same argument to resist arbitration that the *Jennings* Plaintiffs advanced, namely, that the CCC requires the RISC to contain all agreements between a buyer and a seller relating to an installment sale of a motor vehicle and that the Arbitration Agreement is "void and unenforceable" because it is allegedly a "standalone document." *Id*. ¶ 19; *compare id. with* Am. Compl. (*Jennings* Action Dkt. 8) ¶¶ 38-39 (alleging that the *Jennings* Plaintiffs' arbitration agreements are "void" under Pennsylvania law, which purportedly requires "that all retail installment agreements between the parties must be placed on one document and must be complete as to all material provisions"); *see also* Opp. to Mot. to Compel (*Jennings* Action Dkt. 22) at 5-8. In resolving the *Jennings* appeal, the Third Circuit will decide whether Carvana's arbitration agreement is "unenforceable" where it is not expressly included in a consumer's

installment contract and whether the FAA preempts Pennsylvania's one-document rule, either as written or as applied. *See* Mot. to Compel (*Jennings* Action Dkt. 18) at 12; Reply (*Jennings* Action Dkt. 24) at 4-8; Mem. Op. (*Jennings* Action Dkt. 47) at 9. As such, the Third Circuit's decision will likely resolve, or at the very least inform, the threshold question of arbitrability in this case. *See Carlini,* 2018 WL 1229910, at *3 (stay warranted where resolution of state court action would influence outcome in federal court action).

### B.      This Case Is In Its Infancy, And A Stay Is Proper At This Early Stage

A stay is also warranted because this case is in its infancy. *See, e.g., Virginia Surety Co. v. Moreira*, 2011 WL 13238625, at *2 (D.N.J. Nov. 14, 2011). "District courts in the Third Circuit have granted stays where discovery is in its infancy, or where a trial date is yet to be set." *Id*. Here, discovery has not even begun, no case scheduling order has been issued, and no trial date been set. Indeed, Plaintiff recently filed an Amended Complaint on October 21, 2022 (Dkt. 15), and Carvana's deadline to respond is not until December 5, 2022. *See* Order (Dkt. 17). A stay at this early stage would save the Court and the parties from investing a significant amount of time and resources that may prove misdirected or entirely unnecessary once the Third Circuit rules. *See, e.g., Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, at *1 (D. Del. Nov. 22, 2010) (timing of motions to stay "weigh[ed] in favor of a stay" where "[n]o discovery ha[d] been conducted, nor ha[d] a final scheduling order been issued").

### C.      A Stay Will Not Unduly Prejudice Or Disadvantage Plaintiff

A stay would not only be more efficient for all parties, including Plaintiff, but would also not unduly prejudice or disadvantage Plaintiff. As noted, a stay would allow Plaintiff to avoid investing unnecessary time and resources to brief and argue an opposition to a motion to compel arbitration or, in the alternative, to dismiss under circumstances where the Third Circuit's decision in *Jennings* could have a significant impact on the outcome of that motion. Moreover, Plaintiff

does not seek injunctive relief and thus does not (and could not) allege she could incur any immediate harm if resolution of her case is temporarily delayed.  *See generally* Am. Compl.; *see also Stryker Trauma S.A. v. Synthes (USA)*, 2008 WL 877848, at *2 (D.N.J. Mar. 28, 2008) (delay is generally an insufficient rationale on its own to deny a stay).  Moreover, "any possible prejudice [Plaintiff] claims is outweighed by the judicial efficiency that will be gained by waiting for" the resolution of the *Jennings* Action.  *Onyx*, 2021 WL 1338731, at *4; *see also supra* 5-7.

    **D.    Denying A Stay Would Work Hardship To Carvana**

    On the other hand, denying a stay would expose Carvana to significant prejudice.  *See, e.g., Rajput v. Synchrony Bank*, 2016 WL 9724880, at *2 (M.D. Pa. Mar. 10, 2016).  If this case proceeds forward before the Third Circuit has ruled in *Jennings*, Carvana will be forced to invest significant time and resources litigating this dispute before this Court when, at the end of the day, the Third Circuit determines that this dispute belongs in arbitration.  At a minimum, Carvana will be forced to brief and argue its motion to compel arbitration or, in the alternative, to dismiss.  If that motion is denied, Carvana could then be required to engage in expensive and time-consuming discovery, all of which may ultimately prove unnecessary if Carvana is correct that Plaintiff's dispute is subject to binding, individual arbitration.

    Denial of a stay may also result in inconsistent rulings and the need for additional briefing on motions for reconsideration or even subsequent appeals.  *Mastec Renewables*, 2017 WL 6493141, at *5 (granting stay where resolution of related case would "simplify" issues, "including avoiding inconsistent rulings").  If this Court decides against Carvana on arbitrability and the Third Circuit ultimately concludes that Pennsylvania's one-document rule does not preclude enforcement of the Arbitration Agreement notwithstanding that it is technically a "stand-alone" document, Carvana will be required to expend additional resources seeking reconsideration or even a second appeal.  *See, e.g.*, *Rajput*, 2016 WL 9724880, at *2. (finding defendant "could be

prejudiced if forced to expend substantial resources in litigation"). While a stay will not prejudice Plaintiff, requiring the case to proceed before a ruling from the Third Circuit risks materially prejudice to Carvana.

## IV. CONCLUSION

For the foregoing reasons, Carvana respectfully submits that a temporary stay of this action, including a stay of Carvana's deadline to answer or otherwise respond to Plaintiff's Amended Complaint, until the Third Circuit has issued a decision in the *Jennings* Action is warranted.

Dated: November 4, 2022                    Respectfully submitted,

                                           /s/ *Eric Leon*

                                           Eric Leon (New York Bar No. 2626562)
                                           (Admitted *Pro Hac Vice*)
                                           eric.leon@lw.com
                                           LATHAM & WATKINS LLP
                                           1271 Avenue of the Americas
                                           New York, NY 10020
                                           Telephone:  (212) 906-1200
                                           Facsimile:  (212) 751-4864

                                           Robert C. Collins III (Illinois Bar No. 6304674)
                                           (Admitted *Pro Hac Vice*)
                                           robert.collins@lw.com
                                           LATHAM & WATKINS LLP
                                           330 North Wabash Avenue, Suite 2800
                                           Chicago, IL  60611
                                           Telephone:  (312) 876-7700
                                           Facsimile:  (312) 993-9767

                                           Paul G. Gagne (Pennsylvania ID No. 42009)
                                           pgagne@kleinbard.com
                                           KLEINBARD LLC
                                           Three Logan Square
                                           Philadelphia, PA 19103

Telephone:  (215) 523-5302

*Counsel for Defendant Carvana, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Eric Leon, hereby certify that I caused a copy of the foregoing to be served on the parties

listed below, via the Court's ECF system, on November 4, 2022.

Kevin J. Abramowicz
Kevin W. Tucker
Chandler Steiger
Stephanie Moore,
EAST END TRIAL GROUP LLC
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
(412) 877-5220

*Counsel for Plaintiffs*

Dated:  November 4, 2022

/s/ *Eric Leon*

Eric Leon

eric.leon@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020

*Counsel for Defendant Carvana, LLC*